1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,            ) | 1:08-cv-00118 AWI GSA |
|                      ) | |
|           Plaintiff, ) | ORDER REGARDING PLAINTIFF'S |
|                      ) | REQUEST OR MOTION FOR |
|                      ) | APPOINTMENT OF COUNSEL |
|    v.                ) | |
|                      ) | (Document 47) |
| KAWEAH DELTA HOSPITAL, JULIE ) | |
| ANNE BRESEMAN,       ) | |
|                      ) | |
|           Defendants.) | |
|                      ) | |

      Plaintiff is proceeding pro se in this action following previous counsels' withdrawal from representation. More particularly, on May 11, 2009, Magistrate Judge Dennis L. Beck granted a request for withdrawal as counsel for Plaintiff, and relieved Arturo Gonzalez, Minn Chung and the law firm of Morrison & Foerster LLP as counsel of record for Plaintiff. That same date, Plaintiff was substituted in appearing pro se.

      A status conference was held July 8, 2009, wherein Plaintiff was encouraged to obtain new counsel if he wished, or alternatively, be prepared to represent himself in the matter. Thereafter, a scheduling conference was held on September 9, 2009, and a Scheduling Order issued on September 10, 2009. The matter is presently set for trial on October 12, 2010.

1

1   On December 9, 2009, Plaintiff filed a letter addressed to this Court wherein Plaintiff
2   seeks an order reappointing Arturo Gonzalez and Minn Chung of Morrison & Foerster on a pro
3   bono basis. Plaintiff states the attorneys "put fear in [him]" regarding their "not wanting to
4   represent" him any longer, however, he claims he now knows "they would have had to represent
5   [him] or help [him] find counsel." Plaintiff states that he is still looking for new representation,
6   but has been unsuccessful as new counsel would require $5,000 to $10,000 "upon front," and he
7   does not have the money. (Doc. 47.) Defendants have filed oppositions to the motion. (Docs.
8   48 & 49.)

9   For the following reasons, Plaintiff's request or motion is DENIED.

10  First, the Court notes Plaintiff has failed to explain how he now knows Morrison &
11  Foerster LLP would have "had to represent" him or would have been obliged to "help" him find
12  new counsel. Judge Beck's order of May 11, 2009, references California Rules of Professional
13  Conduct, rule 3-700(B), governing mandatory withdrawal and Local Rule 83-182(d) pertaining to
14  withdrawal. Based upon the authorities cited therein and Judge Beck's *in camera* hearing and
15  inspection of documents as referenced in the order, there appears no reason upon which to
16  challenge the propriety of Judge Beck's previous order. Moreover, more than six months has
17  passed, and thus, any challenge thereto is untimely. In sum, Plaintiff's previous counsel properly
18  withdrew from this matter.

19  Second, because Plaintiff is not suffering any risk to his personal liberty, Plaintiff has no
20  right to the appointment of counsel. *Lassiter v. Department of Social Services of Durham*
21  *County, N.C.*, 452 U.S. 18, 25 (1981).

22  Even assuming Plaintiff were proceeding in forma pauperis, this Court will not appoint
23  counsel here. Title 28 of the United States Code section 1915(e)(1) provides: "The court may
24  request an attorney to represent any person unable to afford counsel." Nevertheless, "it is
25  well-established that there is generally no constitutional right to counsel in civil cases." *United*
26  *States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust* Corp.

(*In re Hedges* ), 32 F.3d 1360, 1363 (9th Cir. 1994)).  There is also no constitutional right to appointed counsel to pursue a section 1983 claim.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *accord Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998).  Federal courts do not have the authority "to make coercive appointments of counsel."  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (discussing § 1915(d)); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  Appointment of counsel by the court is discretionary, not mandatory.  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d at 569.

Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Here, this Court cannot require an attorney to represent plaintiff.  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. at 298.  Further, this Court will seek volunteer counsel only in the most serious and exceptional cases.  In light of the stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  *Terrell v. Brewer*, 935 F.2d at 1017.  Morever, the case does not appear to be particularly complex.

This Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, the case is not exceptional.

Plaintiff's request or motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 16, 2009**           **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

3