# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | 1:08-cv-00118 AWI GSA |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| KAWEAH DELTA HOSPITAL, KAWEAH DELTA HEALTH CARE DISTRICT, JULIE ANNE BRESEMAN AND AS A SOCIAL WORKER WITH KAWEAH DELTA AND DOES 1 through 20, inclusive, | (Documents 51 and 55) |
| Defendants. | |

**I. Introduction**

On December 24, 2009, Defendant, Julie Breseman, filed the instant Motion to Compel seeking to further depose Plaintiff, John Doe ("Plaintiff"). (Doc. 51). On December 31, 2009, Defendant, Kaweah Delta Health Care District, joined in the motion. (Doc. 56). Plaintiff did not file an opposition to the motion.[1] A hearing was held before the Honorable Gary S. Austin on

---

[1] The parties did not file a Joint Statement Regarding Discovery Disagreements ("Joint Statement"). However, the Court notes that this was not required since it appears that there has been a failure to respond to Defendants' discovery request. Local Rule 251(e).

1

January 29, 2010. Carey H. Johnson and Kevin B. Kalajian, personally appeared on behalf of Julie Breseman. Jeffrey S. Nelson personally appeared on behalf of Kaweah Delta Healthcare District. Plaintiff also personally appeared. Upon consideration of the pleadings, Defendants' Motion to Compel is GRANTED.

**II. Relevant Background**

On January 24, 2008, Plaintiff filed a complaint contending that his privacy rights were violated because his HIV-positive status was allegedly disclosed to his clients by Kaweah Delta Hospital and its employees. The complaint names Kaweah Delta Hospital, Kaweah Delta Health Care District, Julie Breseman, a social worker at the hospital, and Does 1 through 20 as Defendants.

Plaintiff alleges seven causes of action including: (1) a violation of due process pursuant to 42 U.S.C. § 1983; (2) a violation of privacy pursuant to the California Constitution; (3) violations of California Civil Code sections 56.10 and 56.31; (4) common law invasion of privacy/disclosure of private facts; (5) negligence; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Plaintiff seeks general; special and punitive damages; attorneys fees; and costs of the suit.

Answers to the complaint were filed on March 28, 2008, on behalf of Julie Breseman and Kaweah Delta Hospital. (Docs. 14 and 15). On May 5, 2009, Mr. Minn Chung, Plaintiff's counsel, filed a motion to withdraw as counsel. (Doc. 35). The motion was heard on shortened time and counsel was permitted to withdraw on May 12, 2009. (Doc. 37). Plaintiff is appearing pro se.

A scheduling conference was held on September 10, 2009. (Docs. 44 and 45). At that time, the Court set the non-expert discovery deadline for January 15, 2010. Non-dispositive motions were to be filed no later than May 7, 2010. Therefore, the Motion to Compel is timely.

**III. Defendants' Motion to Compel**

Defendants Julie Breseman and Kaweah Delta Health Care District (collectively "Defendants") filed the instant Motion to Compel the deposition of Plaintiff. Plaintiff was

2

deposed on March 6, 2009. At that time, Plaintiff was represented by Mr. Chung. Defendants contend that off the record discussions occurred between counsel wherein all of the parties agreed that Plaintiff's deposition could be terminated early and resumed at a later date due to a scheduling conflict. *See,* Declaration of Carey H. Johnson, Esq., dated December 24, 2009 at pgs. 2-3 ("Johnson Decl.") (Doc. 53) and Declaration of Jeffrey S. Nelson, Esq., dated December 31, 2009 at pgs. 2-3 ("Nelsen Decl.") (Doc. 56). Defendant Julie Bresemen questioned Plaintiff for approximately one hour and permitted Plaintiff's counsel to question Plaintiff during the deposition which lasted almost five hours. Johnson Decl. at 3. However, at the conclusion of the deposition, Plaintiff's counsel, Mr. Chung, indicated that he never agreed to continue the deposition, and that this would be the only time Plaintiff would be available to be questioned. Johnson Decl. at 2. The deposition concluded. However, attorney Johnson, counsel for Julie Breseman, indicates that he has approximately two hours of questioning left to complete. Johnson Decl. at pg. 3. Jeffrey Nelson, counsel for Kaweah Delta Health Care District, also indicates that he has an additional thirty to forty-five minutes of questioning. Nelsen Decl. at pg. 3.

Attorney Johnson properly noticed another deposition of the Plaintiff for November 20, 2009. Johnson Declaration at pg. 3. On November 18, 2009, Attorney Johnson received a call from the office of Susan Rodriguez, Esq., indicating that Ms. Rodriguez was considering representing Plaintiff and requested that the deposition date be rescheduled. *Id*. However, Ms. Rodriguez did not make an appearance in this action and the deposition was not rescheduled. *Id*. Although Plaintiff was given proper notice of the deposition, he did not appear. *Id*. Attorney Johnson attempted to contact Plaintiff on December 3, 7, and 8, 2009, to reschedule the deposition. Johnson Declaration at pg. 4. Plaintiff left a voicemail for counsel on December 9, 2009, but counsel has not heard from Plaintiff since that time. Defendants request that the Court order that Plaintiff appear for his deposition.

///

///

3

## IV. Discussion

### A. The Scope of Discovery

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
> Id.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990). Here, Plaintiff did not file an opposition to the motion but argued at the hearing that Defendants had an opportunity to depose him previously but did not do so.

Defendants are entitled to take Plaintiff's deposition upon giving proper notice. Fed. R. Civ. P. 30 (a). However, leave of the Court is required to take a deposition if the parties have not stipulated to the deposition and the deponent has already been deposed in a case. Fed. R. Civ. P. 30(a)(2). Normally, a deposition is limited to one day or seven hours. Fed. R. Civ. Pro. 30(d). In this case, Plaintiff was deposed but Defendants were not given ample time to complete the testimony. Given that Plaintiff's testimony is clearly relevant to this action, Defendants shall be given leave to complete Plaintiff's deposition.

## V. Conclusion and Order

For the reasons discussed above, this Court grants Defendants' Motion to Compel. Plaintiff shall appear for the taking of his deposition no later than **May 15, 2010**. Plaintiff is advised that failure to comply with this order may result in the imposition of sanctions including but not limited

4

to monetary sanctions, and/or dismissal of his case.


IT IS SO ORDERED.

Dated: **January 29, 2010**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

5