# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAWEAH DELTA HOSPITAL, JULIE ANNE BRESEMAN,<br><br>　　　　Defendants. | 1:08-cv-00118 AWI GSA<br><br>ORDER REGARDING DOCUMENTS RECEIVED FROM PLAINTIFF ON MARCH 17, 2010 |

　　　Plaintiff is proceeding pro se in this action. On March 17, 2010, this Court received two separate single-page documents from Plaintiff. Although not entirely clear, it appears that Plaintiff contends Defendants have not responded to certain discovery requests or participated in expert depositions. These documents will not be filed with the Court for the reasons that follow.

　　　A party wishing to compel discovery from another party must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff has failed to comply with either applicable rule.

1

More particularly, Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) **Motion for an Order Compelling Disclosure or Discovery.**
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Plaintiff's two single-page documents received March 17, 2010, ambiguously referencing what the Court construes to be (1) a purported failure to produce documents and/or respond to interrogatories, and (2) a failure to participate in the expert depositions,[1] do not include any evidence of notice to Defendants, nor does either document include a certification that Plaintiff conferred or attempted to confer with Defendants in good faith prior to seeking court action.

Additionally, this Court's Local Rule 251 pertaining to motions dealing with discovery matters provides as follows:

> (a) **Hearing Regarding Discovery Disagreements.** Except as provided in (e), a hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service. No other documents need be filed at this time. The hearing may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement or an affidavit as set forth below is not filed at least seven (7) days before the scheduled hearing date. If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.
> (b) **Requirement of Conferring.** Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for

---

[1] Plaintiff referenced the following names: Rose Marie Whitendale, Susanna Aries, Trena Davis and Sandra Englund.

arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

(c) **Joint Statement re Discovery Disagreement.** If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled "Joint Statement re Discovery Disagreement." All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement, which shall specify with particularity the following matters:

(1) The details of the conference or conferences;

(2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and

(3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection. When an objection is raised to a number of items or a general protective order is sought that is related to a number of specific items, the arguments and briefing need not be repeated. If a protective order is sought that is unrelated to specific, individual items, repetition of the original discovery document is not required. All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed.

(d) **Failure to Meet or Obtain Joint Statement**. If counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues, including any briefing in respect thereto. Refusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel. See L.R. 110.

(e) **Exceptions from Required Joint Statement re Discovery Disagreement**. The foregoing requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions. In either instance, the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice. The responding party shall file a response thereto not later than seven (7) days before the hearing date. The moving party may file and serve a reply thereto not less than two (2) court days before the hearing date. L.R. 135.

(f) **Notice Provisions**. By reason of the notice provisions set forth in (a) and (e), the provisions of L.R. 230 shall not apply to motions and hearings dealing with discovery matters.

3

Neither of Plaintiff's single-page documents amounts to a properly noticed motion.  Moreover, it is completely unclear to the Court what discovery requests Plaintiff may have served upon the Defendants, when service was made, what response, if any, was received, and what Plaintiff contends remains outstanding requiring an order compelling a response or further response. With regard to the ambiguous reference to expert depositions, Plaintiff does not indicate that he served a deposition notice or notices upon Defendants, when such service was made, and whether or not any deponent appeared for the scheduled deposition.   The following statement: "None expert witnesses depositions" is wholly insufficient.  In addition, the Court is unclear about the following statement" "A tape recorded of Julie Anna Breseman".  Certainly more information is needed regarding this statement.

The Court is aware of Plaintiff's pro se status, and the fact that pro se pleadings are to be liberally construed. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Nevertheless, Plaintiff must comply with the applicable federal and local rules while prosecuting this action.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to return the documents received from Plaintiff on March 17, 2010, as unfiled.  In the event Plaintiff wishes to seek an order of this Court compelling discovery from Defendants, Plaintiff is advised he must comply with the applicable Federal Rules of Civil Procedure as well as the Local Rules of this Court.

IT IS SO ORDERED.

**Dated:   March 18, 2010**             /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE