1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN DOE,** | **CASE NO. 1:08-CV-0118 AWI GSA** |
| **Plaintiff** | **ORDER ON REMAND GRANTING DEFENDANT KAWEAH DELTA'S MOTION FOR SUMMARY JUDGMENT** |
| **v.** | |
| **KAWEAH DELTA HOSPITAL; KAWEAH DELTA HEALTH CARE DISTRICT; JULIE BRESEMAN INDIVIDUALLY AND AS A SOCIAL WORKER WITH KAWEAH DELTA AND DOES 1 through 20 inclusive,** | |
| **Defendants** | |

### I. History

Plaintiff John Doe ("Doe") is HIV positive. He was first diagnosed when he was treated for pneumonia at Defendant Kaweah Delta Hospital ("Kaweah Delta") in 2002. Kaweah Delta is operated by the Kaweah Delta Health Care District, which is a political subdivision of the State of California. While hospitalized in 2002, Doe came into contact with an acquaintance, Defendant Julie Breseman ("Breseman"), who was employed by Kaweah Delta. Breseman became Doe's discharge planner. After his hospital stay, Doe kept his HIV positive status to himself; he did not reveal it to his friends or associates. However, Breseman revealed Doe's HIV status to multiple third parties. At the time, Doe owned a hair salon in Visalia. His

1

business began declining in 2005 and fell apart by 2006.  Doe believes that is due to Breseman's actions.

Doe filed a California Tort Claims Act ("CTCA") notice of intention to bring suit against Kaweah Delta on October 10, 2007, alleging that Breseman unlawfully revealed Doe's HIV status.  Kaweah Delta rejected Doe's CTCA claim.  Doe sought and was granted permission from the Eastern District to file under a fictitious name.  Doe formally filed suit on January 24, 2008, alleging a 42 U.S.C. §1983 violation for "fail[ure] to adequately train and supervise Julie Breseman and other employees...regarding safeguarding medical privacy....Defendants also failed to take appropriate steps to ensure that the privacy rights of its patients were protected" against Kaweah Delta and causes of action under 42 U.S.C. §1983; Cal. Const., Art. 1, Section 1; Cal. Civ. Code §§56.10 and 56.31; invasion of privacy; negligence; intentional infliction of emotional distress; and negligent infliction of emotional distress against Breseman. Doc. 8, Complaint.  Doe was originally represented by counsel.  His counsel was granted permission by the court to withdraw and Doe has been proceeding pro se since May 12, 2009. Doc. 35.

Kaweah Delta filed a motion for summary judgment on April 26, 2010.  Breseman filed a motion for summary judgment motion on June 4, 2010.  Doe opposed the motions.  On December 23, 2010, the court granted both motions, finding that Doe did not file suit within the statute of limitations. Doc. 89. The Court did not address Kaweah Delta's challenge on the merits.  Id.  Doe appealed the order.  On May 23, 2012, the Ninth Circuit issued a memorandum decision affirming grant of summary judgment in favor of Breseman but reversing grant in favor of Kaweah Delta. Doc. 103.  On November 7, 2012, mandate was issued, remanding the case to the Eastern District. Doc. 107.  This court then ordered additional briefing and evidence from both remaining parties concerning issues of equitable tolling. Doc. 108.  This matter is now fully briefed. See Docs. 109, 114.

**II. Discussion**

In the original order granting summary judgment to both Breseman and Kaweah Delta, this court found that Doe was informed of Breseman's disclosure in 2004. Doc. 89, 17:28-18:3. Doe's claims accrued when he knew or reasonably should know of the existence and cause of his

2

injury. See O'Connor v. Boeing N. Am., 311 F.3d 1139, 1147 (9th Cir. 2002).  The court did not

definitively state which statute of limitations period was applicable, one year under Cal. Code

Civ. Proc. § 340.5 or two years under Cal. Code Civ. Proc. § 335.1.  However, Doe did not file a

CTCA notice until October 10, 2007 and did not file suit until January 24, 2008.  Assuming

accrual in 2004, this Court found that Doe's claims would have been time barred even if the

limitations period were two years.

The Ninth Circuit instead found:

> Viewing the evidence in the light most favorable to Doe, he learned of
> Breseman's latest disclosure of his medical information in fall 2005.  Doe then
> filed an administrative claim on October 10, 2007, possibly within the two year
> limitations period.  Because defendants Kaweah Delta Hospital and Kaweah Delta
> Healthcare District had timely notice of the administrative action, we reverse and
> remand so that the district court may consider whether Doe brought his
> administrative claim within the limitations period, and whether Doe is entitled to
> equitable tolling of his § 1983 claim against these defendants.  However, we
> affirm summary judgment as to defendant Breseman because there is no evidence
> that she had timely notice of Doe's claims against her.

Doc. 103, 2-3 (citations omitted).

**A. Claims**

In the complaint, the only cause of action against Kaweah Delta is a Section 1983 claim

based on violation of privacy.  All other causes of action are against "Individual Defendants."

See Doc. 8.  To the extent the complaint can be interpreted to bring state law causes of action

against Kaweah Delta, the court finds that Doe did not file a timely CTCA administrative notice.

See Doc. 84 at 11. "The California Tort Claims Act requires, as a condition precedent to suit

against a public entity, the timely presentation of a written claim and the rejection of the claim in

whole or in part." Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.

1995) (citations omitted).  The Ninth Circuit has affirmatively found that, in the light most

favorable to Doe, his claims accrued in the fall of 2005. Doc. 103, at 2.  To comply with the

CTCA's administrative exhaustion requirement, "[a] claim relating to a cause of action for death

or for injury to person or to personal property or growing crops shall be presented as provided in

Article 2 (commencing with Section 915) not later than six months after the accrual of the cause

of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action." Cal. Gov. Code § 911.2(a).  Doe did not file his CTCA administrative claim until fall 2007. Doe's CTCA administrative claim was untimely and leave to file a late claim was denied.  Thus, any state law claims against Kaweah Delta are barred.

> Regarding Doe's Section 1983 cause of action against Kaweah Delta, he states
> 11. In particular, Defendants' conduct deprived plaintiff of his 'protectible liberty interest in pursuing an occupation of his choice' without due process of law. Stidham v. Texas Comm. on Private Sec., 418 F. 3d 486 (5th Cir. 2005). Defendants also violated plaintiff's property interest in his business. San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697 (5th Cir. 1991).
>
> 12. Defendant' conduct also violated plaintiff's right to privacy protected under the Fourteenth Amendment to the United States Constitution.
>
> 13. Furthermore, Defendants' conduct violated the right of plaintiff under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, §§ 261-164, 110 Stat. 1936 (1996).

Doc. 8, Complaint, 4:12-20.  The CTCA requirements do not apply to the Section 1983 claims. See Hacienda La Puente Unified School Dist. v. Honig, 976 F.2d 487, 495 (9th Cir. 1992) ("California's Tort Claims Act did not apply to actions under 42 U.S.C. § 1983 alleging violations of federal constitutional rights"). A plaintiff cannot be precluded from bringing a Section 1983 due to failure to give the pertinent governmental agency notice pursuant to the CTCA.

Plaintiff's Section 1983 action is based on two theories: (1) violation of HIPAA, and (2) violation of the Fourteenth Amendment right to privacy.

Insofar as Doe's Section 1983 claim relies on a violation of HIPAA, it fails. The Ninth Circuit has definitively declared that "HIPAA itself provides no private right of action." Garmon v. County of Los Angeles, --- F.3d ----, 2016 WL 3606745 (9th Cir. July 5, 2016) (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)).  The Eighth and Eleventh Circuits have also explicitly found that HIPAA cannot be enforced through Section 1983. Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an

1   implied right of action"); <u>Sneed v. Pan Am Hosp.</u>, 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We

2   decline to hold that HIPAA creates a private cause of action or rights that are enforceable

3   through § 1983").  Opinions of the Eastern District of California have stated that same

4   conclusion. <u>Huling v. City of Los Banos</u>, 869 F. Supp. 2d 1139, 1154 (E.D. Cal. 2012) ("an

5   alleged HIPAA violation cannot form the basis for a 1983 claim"); <u>Garber v. City of Clovis</u>,

6   2012 U.S. Dist. LEXIS 10603, *23-24 (E.D. Cal. Jan. 30, 2012) ("Because HIPAA does not

7   provide for a private right of action, HIPAA cannot serve as 'the Constitution and laws' upon

8   which a Section 1983 claim can be based"); <u>Miller v. Elam</u>, 2011 U.S. Dist. LEXIS 46132, *9

9   (E.D. Cal. Apr. 20, 2011) ("Because there is no private right of action under HIPAA, plaintiff's

10  HIPAA claim is not cognizable under 42 U.S.C. § 1983").  Doe may not sue under Section 1983

11  for a HIPAA violation.

12         Next, Plaintiff's Section 1983 claim is premised upon a constitutional right to

13  informational privacy protected under the Fourteenth Amendments.  "While the Supreme Court

14  has never clearly addressed whether there is a constitutional right of privacy in the non-

15  disclosure of personal information, this circuit—along with a majority of other circuits—has

16  found a limited right to informational privacy." <u>Nelson v. NASA</u>, 568 F.3d 1028, 1043 (9th Cir.

17  2009) (citations omitted); <u>see</u> <u>Seaton v. Mayberg</u>, 610 F.3d 530, 538 (9th Cir. 2010); <u>McDade v.</u>

18  <u>West</u>, 223 F.3d 1135, 1141 (9th Cir. 2000).  "The constitutionally protected privacy interest in

19  avoiding disclosure of personal matters clearly encompasses medical information and its

20  confidentiality." <u>Norman-Bloodsaw v. Lawrence Berkeley Lab.</u>, 135 F.3d 1260, 1269 (9th Cir.

21  1998).  Specifically, "information regarding an individual's HIV-status or AIDS diagnosis would

22  fall within the ambit of the privacy protection afforded medical information." <u>Doe v. Attorney</u>

23  <u>Gen. of United States</u>, 941 F.2d 780, 796 (9th Cir. 1991).  Plaintiff has submitted evidence

24  tending to show that Breseman disclosed his HIV status. Plaintiff has shown violation of a

25  protectable constitutional right.

26         Under Section 1983 there is no <i>respondeat superior</i> liability; a government employer

27  "cannot be held liable solely because it employs a tortfeasor." <u>Monell v. Dep't of Soc. Servs. of</u>

28  <u>City of New York</u>, 436 U.S. 658, 691 (1978). Rather, a local government defendant may only be

held liable if it actually inflicted the injury complained of. Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002); see West v. Atkins, 487 U.S. 42, 48 (1988). A claim against a local government defendant requires an allegation that "a deliberate policy, custom, or practice … was the moving force behind the constitutional violation…." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (internal quotation marks omitted); see Monell, 436 U.S. at 690. A governmental entity's failure to train employees can constitute an actionable policy for purposes of liability under Section 1983 "only where its polic[y] [is] the moving force behind the constitutional violation." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). A plaintiff must prove that the municipality's failure to train its employees regarding the subject of underlying rights violation rises to the level of deliberate indifference. Id. at 389-390; Long v. County of Los Angeles, 442 F.3d 1178, 1187 (9th Cir. 2006). A training practice constitutes a policy of deliberate indifference when "in light of the duties assigned to specific … employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers … can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 391. "A 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014); (quoting Connick v. Thompson, 563 U.S. 51, 62-63 (2011). The "narrow range of circumstances" where a pattern need not be established includes only situations where the need for training is "patently obvious," like arming officers with firearms but providing no training on the use of deadly force. Connick, 564 U.S. at 63-64; see Board of County Com'rs of Bryan County Okl. v. Brown, 520 U.S. 397, 409 (1997). (In light of the training regimen, the rights violation must be a "highly predictable consequence.")

In this instance, Plaintiff alleges that Kaweah Delta failed to adequately train its employees regarding safeguarding medical privacy. Doc. 8, Complaint at ¶ 14. No evidence has been submitted that would tend to indicate that a pattern of similar violations took place.

Moreover, in the time period at issue Kaweah Delta admonished its new employees regarding the importance of keeping confidential "the care and treatment of," and "medical [and] personal history" of all patients. Doc. 61-3 at 4. No evidence has been submitted to suggest that Kaweah Delta provided its employees any subsequent training regarding the keeping of confidence. Kaweah Delta did train its employees not to disclose confidential information. Even if that training was inadequate, that inadequacy would not have been so patently obvious to Kaweah Delta policymakers that it would evidence deliberate indifference to the likelihood of disclosure of confidential medical information. Plaintiff's claim fails for that reason.

Plaintiff's claim fails for another reason. In order to establish municipal liability based on failure to train, a plaintiff must also prove causation—that his constitutional injury would have been avoided had the municipal entity properly trained its employee. See Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007). In other words, a plaintiff must show that an adequate training program would have prevented the injury suffered.

No evidence has been submitted that would tend to indicate that Breseman did not understand her obligation not to disclose confidential medical information. Before her employment with Kaweah Delta, Breseman had no received no medical training or instruction regarding informational privacy. See Doc. 61-3 at 9. When Breseman began her employment with Kaweah Delta she was admonished to keep patients' medical information "in complete and absolute confidence." Id. at 12. She signed a declaration affirming that she would keep the required confidence and "observe th[at] confidence on all matters whenever [her] service with [Kaweah Delta] ends." Id. at 4, 10-11. She later testified that, at the time she signed the declarations, she understood its meaning. Id. at 11. Assuming that Breseman did disclose the confidential information, there is no evidence to suggest that it was because she did not understand her obligation to keep it confidential.

Although Plaintiff identifies a constitutionally protected informational privacy, taking the evidence in the light most favorable to Plaintiff, he has failed to establish a claim for failure to train.

///

**B. Statute of Limitations**

Even if Plaintiff's Section 1983 failure to train claim could survive, it is time barred.

"State law governs the statutes of limitations for section 1983 actions as well as questions regarding the tolling of such limitations periods.... In determining whether a plaintiff is entitled to equitable tolling under California law, courts apply a three-pronged test. The three elements of the test are: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Lucchesi v. Bar-O Boys Ranch, 353 F.3d 691, 694-95 (9th Cir. 2003). Section 1983 claims based on invasion of the constitutional right to privacy and attendant due process rights are subject to California's two year personal injury statute of limitations, Cal. Civ. Code § 335.1. Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007).  "Federal law determines when the limitations period begins to run, and the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1266 (9th Cir. 1998) (citations omitted).

Equitable tolling "may apply where administrative remedies must first be exhausted." People v. Western Ins. Co., 204 Cal. App. 4th 1025, 1032 (Cal. App. 5th Dist. 2012).  When the first action is an administrative filing the statute of limitations is tolled for the period between the filing and the notice of denial. See Lantzy v. Centex Homes, 31 Cal.4th 363, 370-371 (2003); Ray v. Leal, 2015 WL 1501056, *8 (N.D. Cal. Mar. 31, 2015); Jang v. State Farm Fire & Casualty Co., 80 Cal. App. 4th 1291, 1302 (Cal. App. 1st Dist. 2000) ("principles of equitable tolling require the policy's one-year statute of limitations to be tolled from the time the insured timely files a claim until the insurer gives notice that it is denying coverage"). As with the underlying statute of limitations, the period of tolling is subject to precise calculation. See Beard v. Pennington, 2015 WL 7293652, *7 (N.D. Cal. Nov. 19, 2015); Gen. Sec. Servs. Corp. v. County of Fresno, 815 F. Supp. 2d 1123, 1141-1142 (E.D. Cal. 2011).  Contrary case law on equitable tolling that applied time limits loosely has been specifically ordered depublished by the California Supreme Court. See Afroozmehr v. Asherson, 201 Cal. App. 3d 704 (Cal. App. 2d

1   Dist. 1988) (unpub).

2       Plaintiffs have the burden of proof as to equitable tolling. <u>Vaughn v. Teledyne, Inc.</u>, 628

3   F.2d 1214, 1218 (9th Cir. 1980); <u>Limon-Rodriguez v. United States Dep't of Homeland Sec.</u>,

4   2012 1416274, *4 (S.D. Cal. Apr. 24, 2012) (citing <u>V.C. v. Los Angeles Unified School Dist.</u>,

5   139 Cal.App.4th 499, 517-518 (Cal. Ct. App. 2006)); <u>see</u> <u>United States v. Marolf</u>, 173 F.3d

6   1213, 1218 n.3 (9th Cir. 1999).

7       The Ninth Circuit has determined that, "[v]iewing the evidence in the light most

8   favorable to Doe, he learned of Breseman's latest disclosure of his medical information in fall

9   2005." Doc. 103, 2.    Plaintiff has not provided any additional evidence tending to indicate the

10  precise date that he learned of the most recent disclosure of his medical information. Instead,

11  Plaintiff refers to Breseman's motion for summary judgment, Doc. 66 at 5, where she notes that

12  "Plaintiff's causes of action as to any statements by Ms. Breseman accrued no later than the end

13  of 2005…." Doc. 114 at 1. The Court will assume that Plaintiff is correct and his cause of action

14  accrued at the end of 2005.

15      The CTCA notice was filed with Kaweah Delta on October 10, 2007. Doc. 84, Exh. B at

16  12.[1] His claim was rejected by Kaweah Delta on October 29, 2007.  Assuming that equitable

17  tolling is appropriate, nineteen days would be tacked to the end of the limitations period.

18      Plaintiff did not file the instant action until January 24, 2008. Doc. 8. Even assuming that

19  Plaintiff's "first claim" with Kaweah Delta was timely on October 10, 2007,[2] and assuming that

20  equitable tolling is appropriate, nineteen days after December 31, 2007 is January 19, 2008.

21  Plaintiff's January 24, 2008 complaint was untimely. Equitable tolling does not operate to make

22  Plaintiff's complaint timely.

23  _____

24  [1] Kaweah Delta contends that the CTCA notice was not received until October 17, 2007. For purposes of summary judgment, the Court will interpret the evidence in the light most favorable to Plaintiff and find that the CTCA notice

25  was filed on October 10, 2007. Moreover, the Ninth Circuit specifically noted that Doe "filed an administrative claim on October 10, 2007." Doc. 103 at 2.

26  [2] Under the CTCA, a claim for injury to person or property must be presented to the "pertinent public entity," <u>Munoz v. State of California</u>, 33 Cal.App.4th 1767, 1776 (Cal. Ct. App. 1995), "not later than six months after

27  accrual of the cause of action." Cal. Govt. Code § 911.2. Plaintiff did not present his claim to Kaweah Delta until nearly two years after accrual. It was likely untimely when filed and could therefore not serve as the basis for equitable tolling. <u>See</u> <u>Tarkington v. California Unemployment Ins. Appeals Bd.</u>, 172 Cal.App.4th 1494, 1503 (Cal.

28  Ct. App. 2009) ("The timely notice requirement essentially means that the first claim must have been filed within the statutory period.") (citation omitted).

**III. Order**

Based on the foregoing, Defendant Kaweah Delta's motion for summary judgment is GRANTED.

The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   August 15, 2016

_____

SENIOR  DISTRICT  JUDGE