**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN DOE,** | **CASE NO. 1:08-CV-0118 AWI GSA** |
| **Plaintiff** | **ORDER RE: PLAINTIFF'S REQUEST FOR RECONSIDERATION** |
| **v.** | |
| **KAWEAH DELTA HOSPITAL; KAWEAH DELTA HEALTH CARE DISTRICT; JULIE BRESEMAN INDIVIDUALLY AND AS A SOCIAL WORKER WITH KAWEAH DELTA AND DOES 1 through 20 inclusive,** | |
| **Defendants** | |

Plaintiff John Doe ("Doe") is HIV positive. He was first diagnosed when he was treated for pneumonia at Defendant Kaweah Delta Hospital ("Kaweah Delta") in 2002. Kaweah Delta is operated by the Kaweah Delta Health Care District, which is a political subdivision of the State of California. While hospitalized in 2002, Doe came into contact with an acquaintance, Defendant Julie Breseman ("Breseman"), who was employed by Kaweah Delta. Breseman became Doe's discharge planner. After his hospital stay, Doe kept his HIV positive status to himself; he did not reveal it to his friends or associates. However, Breseman revealed Doe's HIV status to multiple third parties. At the time, Doe owned a hair salon in Visalia. His business began declining in 2005 and fell apart by 2006. Doe believes that is due to Breseman's actions. Doe filed a California Tort Claims Act ("CTCA") notice of intention to bring suit against Kaweah Delta on October 10, 2007, alleging that Breseman unlawfully revealed Doe's HIV status. Kaweah Delta rejected Doe's CTCA claim on October 29, 2007. Doe formally filed suit against Breseman and Kaweah Delta on January 24, 2008 under theories of invasion of privacy, negligence, intentional

1  infliction of emotional distress, and negligent infliction of emotional distress, and 42 U.S.C. §

2  1983.

3       In 2010, Breseman and Kaweah Delta sought summary judgment.  This court granted

4  summary judgment to both Defendants, reasoning that the two year statute of limitations had run

5  out on Doe's claims because he had learned of the relevant facts that underlie his case in 2004.

6  Doc. 89.  On appeal, the Ninth Circuit affirmed the ruling with respect to Breseman but reversed

7  with respect to Kaweah Delta on the basis that Doe did not learn of the relevant facts until the end

8  of 2005. Doc. 103.  On remand, Kaweah Delta made a second motion for summary judgment.

9  This court granted summary judgment to Kaweah Delta based on the merits of the claim and on a

10  renewed statute of limitations argument. Doc. 119.  On appeal, the Ninth Circuit affirmed. Doc.

11  130.

12       Doe has filed a document in which he appears to seek some form of reconsideration.

13  Specifically, he asserts that certain evidence presented in the 2010 summary judgement was not

14  considered: "there was no discussion of Plaintiff's evidence which was the fact that the

15  Defendants stated in Breseman's Deposition quoted above that Plaintiff knew of the improper

16  disclosures 'by the end of 2005.'" Doc. 134, 3:4-6.  Doe now asks the court to consider his case on

17  the factual basis that "I agree that by the end of 2005, that I knew the statements had been made

18  and damage had been done." Doc. 134, 2:15-16.  Doe concludes that "It is Plaintiff's contention

19  that this was a failure to adjudicate this case on the merits." Doc. 134, 3:6-7.

20       First, the Ninth Circuit has already reviewed and ruled on Doe's claims against both

21  Breseman and Kaweah Delta.  With regards to Kaweah Delta, the Ninth Circuit affirmed the grant

22  of summary adjudication on the basis that "Doe failed to raise a genuine dispute of material fact as

23  to whether his alleged injury was caused by a policy or custom of Kaweah Delta." Doc. 130, page

24  2.  The Ninth Circuit's most recent ruling also stated "To the extent Doe challenges the district

25  court's disposition of his claims against defendant Breseman, this court previously resolved this

26  issue in Doe v. Kaweah Delta Hospital, 478 F. App'x 390 (9th Cir. May 23, 2012), and we are

27  bound by this determination. See S. Or. Barter Fair v. Jackson County, 372 F.3d 1128, 1136 (9th

28  Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue

2

previously decided . . . in the same case."). In light of our disposition, we do not reach Doe's contentions concerning equitable tolling." Doc. 130, page 2. The district court is bound by the Ninth Circuit's orders in this case.

Second, even on the merits, Doe does not present any argument that was not considered earlier. The applicable statute of limitations is two years per Cal. Code Civ. Proc. § 335.1. Doe acknowledges that he knew of the facts that underlie his claim by the end of 2005. The limitations period would ordinarily run out at the end of 2007. His filing of a CTCA notice on October 10, 2007 acted to equitably toll the running of the statute of limitations for the period in which the claim was considered by Kaweah Delta. The limitations period began running again on October 29, 2007 when Kaweah Delta denied Doe's claim. Doe did not file suit until January 24, 2008. This was too late, even after accounting for the period in which the statute of limitation was tolled for the CTCA claim. In the last summary judgment order, this court directly addressed this issue on the assumption that the statute of limitations did not start running until the end of 2005:

> The Court will assume that Plaintiff is correct and his cause of action accrued at the end of 2005.
>
> The CTCA notice was filed with Kaweah Delta on October 10, 2007. Doc. 84, Exh. B at 12.1 His claim was rejected by Kaweah Delta on October 29, 2007. Assuming that equitable tolling is appropriate, nineteen days would be tacked to the end of the limitations period.
>
> Plaintiff did not file the instant action until January 24, 2008. Doc. 8. Even assuming that Plaintiff's 'first claim' with Kaweah Delta was timely on October 10, 2007, and assuming that equitable tolling is appropriate, nineteen days after December 31, 2007 is January 19, 2008. Plaintiff's January 24, 2008 complaint was untimely. Equitable tolling does not operate to make Plaintiff's complaint timely.

Doc. 119, 9:13-22.

Thus, there is no basis for reconsideration of the summary adjudication of claim in favor of Defendants in this case.

IT IS SO ORDERED.

Dated: __January 31, 2020__ _____
SENIOR DISTRICT JUDGE

3